NEW JERSEY BELL TELEPHONE COM-PANY, Agincourt Land Corporation, Ocean City Water Service Company, Franklin Real Estate Company, Appellants, v. F. E. J. BOWER, Receiver of First National Bank of Ocean City, New Jersey, Appellee.

No. 5700.

Circuit Court of Appeals, Third Circuit.

June 17, 1935.

Thompson & Hanstein, of Atlantic City, N. J. (Walter Hanstein, of Atlantic City, N. J., of counsel), for appellants.

George R. Greis, of Ocean City, N. J., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

In the court below the four present appellants filed a bill against the receiver of the First National Bank of Ocean City. Therein they alleged that each of them had loaned the bank $12,500. The bill also averred the bank had given them a second mortgage on a property owned by its subsidiary, but that such mortgage had proved worthless. The bill prayed the court to "decree that the moneys loaned by these complainants herein referred to, were loaned unto" the bank, and to further decree that the claims of complainants filed with the receiver "for the moneys loaned as herein referred to, are valid claims against the assets" of the bank. On final hearing, the trial judge made findings of fact and conclusions of law as follows:

"(1) That each of complainants advanced the sum of $12,500 for the use of the bank, upon the understanding that this sum was required to permit the bank to reopen.

"(2) That each of the complainants received as sole security therefor a bond of the Ocean City Securities Corporation, accompanied by concurrent mortgages to secure the amount so advanced, on property of the said Securities Corporation in Ocean City, N. J.

"(3) That the property upon which the mortgages were a lien was, at the time, considered of a value in excess of all encumbrances.

"(4) That it was believed, at the time of the advance of the money, that the bank would be re-established on a solid basis, and eventually repay the advances by purchasing the aforesaid mortgages.

"(5) That no evidence of indebtedness was given, or intended to be given by the bank, to the complainants, or any of them.

"(6) That no entry was made in the books of the bank showing that the complainants, or any of them, were creditors of the bank.

"(7) That there was no action on the part of the directors of the bank, or any other person having lawful authority to bind the bank, by which an agreement was consummated, making the bank or its receiver responsible for repayment.

"My conclusions of law are:

"There being no contract, express or implied, on the part of the bank to borrow on its credit, or to repay the amounts advanced, the complainants cannot recover.

"The restraint prayed for in the bill will be denied, and, the other matters at issue being herein decided adversely to the prayers of the bill, it will be dismissed."

A careful study of the proofs has brought us to the same conclusion and a consequent affirmance of the decree below, and, as the case rests on its own particular facts, we refrain from writing an opinion which would be but an effort to put in different words what the court below has aptly said in its opinion.